IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA J. HOPPE, | |
| Plaintiff, | **4:25CV3156** |
| vs. | |
| | **ORDER** |
| STATE OF NEBRASKA - DEPARTMENT OF CORRECTIONAL SERVICES, | |
| Defendant. | |

This matter comes before the court on Defendant State of Nebraska – Department of Correctional Services' ("State" or "Defendant") Motion to Strike Plaintiff's Jury Demand for her claims under the Nebraska Fair Employment Practices ("NFEPA") and the Family Medical Leave act ("FMLA"). (Filing No. 17).[1] For the reasons that follow, the motion will be granted.

## I.   BACKGROUND

Plaintiff, a former employee of the Nebraska Department of Correctional Services, alleges that she was passed up for promotional opportunities due to her gender and subject to retaliation due to her harassment and discrimination complaints and for requesting leave under the FMLA. (Filing No. 1, ¶¶8-45). Plaintiff's Amended Complaint, filed September

---

[1] The court notes that Plaintiff's complaint alleges Defendant is a political subdivision of the State of Nebraska (Filing No. 3), while Defendant's answer denies this paragraph, affirmatively asserting that Defendant is an agency of the State of Nebraska (Filing No. 9). Plaintiff's brief in response to Defendant's motion states this is a "direct suit" against the State of Nebraska, apparently adopting Defendant's position that Defendant is a State agency. (Filing No. 19 at 5).

1

9, 2025, alleges claims for: Sex Discrimination under 42 U.S.C. § 2000e-2 and *Neb. Rev. Stat.* § 48-1004  (NFEPA) (Counts I and II); Retaliation under 42 U.S.C. § 12203 and *Neb. Rev. Stat.* § 48-1114 (NEFEPA)(Counts III and IV); Violation of the Family Medical Leave Act (FMLA) 29 U.S.C. §§ 2601 et seq.(Count V); and, Whistleblower Retaliation Neb. Rev. Stat. § 48-1114(1)(C) (Count VI). Plaintiff includes a general jury demand in her prayer for relief. (Filing No. 3 at 9). Defendant moves to strike the portions of Plaintiff's amended complaint and jury demand that request a jury trial as to all NFEPA and FMLA claims. (Filing No. 17).

## II.    ANALYSIS

Defendant argues that Plaintiff has no statutory or constitutional right to a jury trial of her NFEPA or FMLA claims because neither statute explicitly provides for that right, and because the Seventh Amendment does not grant a right to a jury trial against the state, its agencies, or political subdivisions. Defendant relies heavily upon a recent case from this district that involved similar issues, *Polson v. Gage County, Nebraska*, 2025 WL 2986652 *2-4 (D. Neb. Oct. 23, 2025). There, the court granted the defendant's motion to strike the plaintiff's jury demand for claims under the NFEPA and FMLA, concluding that the plaintiff had no right to a jury trial on those claims against a political subdivision protected by sovereign immunity, either through the express text of the statutes or under the Seventh Amendment. A similar analysis and conclusion applies here.

A.    No Express Statutory Right

Before inquiring into the applicability of the Seventh Amendment in this case, the court must first "ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345 (1998) (quoting *Tull v. United States*, 481 U.S. 412, 417, n. 3 (1987) (alteration in original)). "If a statute is silent on the issue of jury trial, then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." *Polson*, 2025 WL 2986652 at *2 (internal quotation and citation omitted). In this case, the constitutional question cannot be avoided because neither the NFEPA nor the FMLA

contain explicit textual authorization for a jury trial. *See Neb. Rev. Stat.* § 48-1101; 29 U.S.C. § 2601; *see also Casteel v. City of Crete*, 2017 WL 3635184 at *3 (D. Neb. Aug. 23, 2017) (finding no right to jury trial on NFEPA claim because *Neb. Rev. Stat.* § 48-1126 was not "an express or clear waiver of governmental immunity with respect to a jury trial against a political subdivision"); *see also Harders v. Grand Island Pub. Sch.*, 2006 WL 2528524, at *1 (D. Neb. Aug. 31, 2006) (the "FMLA does not expressly provide for the right to a jury trial. Any right to a jury trial … [then] rests on a Seventh Amendment analysis").

B.    No Seventh Amendment Right

If a statute is silent on the issue of jury trial, "then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." *Seals v. Bd. of Regents of Univ. of Nebraska*, 2024 WL 1416595, at *2 (D. Neb. Apr. 2, 2024) (quoting *Pandazides v. Virginia Bd. of Education*, 13 F.3d 823, 827 (4th Cir. 1994)). The right to a jury trial in suits where the amount in controversy is over twenty dollars is a protection guaranteed by the Seventh Amendment. U.S. Const. amend. VII. But the Seventh Amendment did not "create" a right to a jury trial. *Baltimore & Carolica Line, Inc. v. Redman*, 295 U.S. 654, 657 (1935). Rather, it preserved that right in the federal courts as it existed at common law in 1791, the date of the amendment's ratification by the original states. *Id.* at 657; *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). The Supreme Court established a two-part test to determine whether the Seventh Amendment applies to a particular cause of action. *See Tull,* 481 U.S. at 417-18. Courts consider: (1) whether the cause of action was "tried at law at the time of the founding or is at least analogous to one that was"; and (2) "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (internal quotations and citations omitted).

Applying this historical analysis here, the court's conclusions are the same. "When the Seventh Amendment was adopted, there was no action equivalent to Plaintiff's NFEPA

3

claim against Defendant, as a political subdivision." *Polson*, 2025 WL 2986652, at \*3. Indeed, no action for damages could generally be made "against public officials acting in their official capacities as agents of the sovereign." *Id.* (quoting *Buss v. Douglas*, 59 F.R.D. 334, 336 (D. Neb. 1973)). "If the action is a common law suit or the particular issues arise in a common law suit, but no right of jury trial existed under the common law of England as to that type of action, then there is no right to a jury trial by virtue of the Seventh Amendment." *Id.* (quoting *Westcott v. City of Omaha*, 1988WL 383125 at \*2 (D. Neb. Apr. 11, 1998)). "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." *Id.* (quoting *Gragg v. City of Omaha*, 812 F.Supp. 991, 992-3 (D. Neb. 1993) (internal citation omitted)). As a state agency, Defendant is entitled to state sovereign immunity under the Eleventh Amendment, the Nebraska Constitution, and common law. *Abdulsalam v. Bd. of Regents of Univ. of Nebraska*, 2023 WL 2374460, at \*2 (D. Neb. Mar. 6, 2023); *see also Doe v. University of Nebraska*, 451 F. Supp. 3d 1062, 1101 (D. Neb. 2020).

Plaintiff argues that the Nebraska legislature waived sovereign and governmental immunity concerning an employee's ability to file suit under the NFPEA. (Filing No. 19 at 6). In particular, she references the statute, which provides that the "state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." *Neb. Rev. Stat.* §48-1126. But courts have recognized that this waiver is limited and does not permit such actions to be tried to a jury. As the court noted again in *Casteel*, 2017 WL 3635184 at \*3, the statutory language is "not an express or clear waiver of governmental immunity with respect to a jury trial against a political subdivision under the NFEPA." It is well-established that any waiver of sovereign immunity must be strictly construed in favor of the sovereign and "is found only where stated by the most express language of a statue or by such overwhelming implication from the text as will allow no other reasonable construction." *Burke v. Bd. Of Trustees of Nebraska State Colleges*, 924 N.W.2d 304, 311 (Neb. 2019); *see also Edwards v. Douglas Cnty*, 953 N.W.2d 744, 750-

4

51 (Neb. 2021). The NFEPA does not include a right or requirement for a jury trial, nor did the state expressly consent to a trial by jury in such cases. *See Seals,* 2024 WL 1416595, at *2. Accordingly, Plaintiff is not entitled to a jury trial on her NFEPA claim.

Likewise, there is no constitutional right to a jury trial on Plaintiff's FMLA claim. While the FMLA also waives state sovereign immunity from suit, "there is no provision in the FMLA imposing a waiver of sovereign immunity that includes a right or requirement to jury trial." *Polson*, 2025 WL 2986652 *4. The court in *Harders* recognized that wherein it concluded "the plaintiff has no right to a jury trial of her FMLA action" against a political subdivision. 2006 WL 2528524 at *2-3. Plaintiff attempts to distinguish *Harders* (and other similar cases)*,* arguing it "involved a school district as a political subdivision" rather than a state agency. (Filing No. 19 at 5). To be sure, there are many cases wherein the judges in this district have considered a motion to strike a jury demand in cases brought against a political subdivision. *See e.g.*, *Pettigrew v. Valentine Cmty. Schs*., No. 4:11CV3166, 2012 WL 4894584, at *1 (D. Neb. Oct. 15, 2012) (collecting cases). But this court has stated "[t]he common law of England did not permit jury trials against public officials and, accordingly, the Seventh Amendment does not permit a jury trial against a State and its subdivisions." See *Pettigrew* 2012 WL 4894584, at *1 (D. Neb. Oct. 15, 2012).

Plaintiff also relies heavily upon *Frizzell v. Southwest Motor Freight,* 154 F.3d 641, 642 (6th Cir. 1998), arguing that the Sixth Circuit found it was Congress' *intent* to create a right to a jury trial in the FMLA. (Filing No. 19 at 3). Plaintiff also cites *Souders v. Fleming Companies, Inc.*, 960 F.Supp. 218 (D. Neb. April 17, 1997), wherein the court determined that the plaintiff was entitled to a jury trial of the liability and back pay issues under the FMLA. (Filing No. 19 at 3-4). However, *Frizzell and Souders* were both brought against private employers, and there is no support for extending the holdings in those cases to create a right to a jury trial for FMLA claims against the state or any party with sovereign immunity.

For these reasons, IT IS ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 17) is granted. Plaintiff's demand for a jury trial as to her claims under the NFEPA and FMLA is stricken from her First Amended Complaint.

Dated this 10th of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge